**RESOLUTION TRUST CORPORATION,**
Petitioner,

v.

**MAYOR, DAY, CALDWELL
& KEETON, et al.,**
Respondents.

**Misc. No. 92–204 (CRR).**

United States District Court,
District of Columbia.

July 21, 1992.

Order Vacating Order and Dismissing
Case July 24, 1992.

Suzanne Rigby, of RTC of Washington, D.C., and John H. Korns, Paul M. Laurenza and James E. Topinka of Petit & Martin, Washington, D.C., for Resolution Trust Corp.

John K. Villa, Mary G. Clark and Martin C. Calhoun of Williams & Connolly, Washington, D.C., for Mayor, Day, etc.

CHARLES R. RICHEY, District Judge.

### ORDER

Before the Court is the Petition of the Resolution Trust Corporation ("RTC") for Summary Enforcement of Administrative Subpoenas, and the Respondents' Motion for Change of Venue in the above-captioned action. The Court has carefully considered the submissions of the parties, the applicable law, and the entire record herein, and concludes that this matter must be transferred to the United States District Court for the Southern District of Texas for all further proceedings, because the regulations relied upon by the RTC in the course of this investigation preclude bringing the enforcement action in this forum. Accordingly, the Respondents' Motion for Change of Venue shall be granted.

Congress granted the RTC subpoena authority by conferring upon the RTC the powers granted to the FDIC. *See* 12 U.S.C. § 1441a(b)(4). Section 1821(d)(2)(I)(i) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") gives the FDIC and the RTC the powers established in Section 1821(n), including the subpoena power. Until the RTC adopts its own strategies, policies, goals, regulations, and rules, the RTC, in exercising its broad statutory powers,

> *may* carry out its duties in accordance with the strategies, policies, goals, regulations, rules, operating principles, procedures, or guidelines of the Federal Deposit Insurance Corporation, notwithstanding the provisions of section 553 of Title 5 [the Administrative Procedures Act].

12 U.S.C. § 1441a(a)(7) (emphasis added).

In the Order of Investigation pertaining to this case, the RTC specified that the

investigation (pursuant to which the subpoenas at issue herein were issued) "be conducted pursuant to 12 C.F.R. Part 308 Subpart K." RTC Petition for Summary Enforcement, Ex. 1. In a later letter concerning one of the subpoenas at issue here, counsel for the RTC based its authority to issue the subpoena on both the relevant statutory provisions, 12 U.S.C. §§ 1818(n) and 1821(d)(2)(I), and on the relevant FDIC regulations, noting that "[r]egulations addressing the RTC's procedures for administrative subpoenas can be found at 12 C.F.R. §§ 308.87–308.93." RTC Petition for Summary Enforcement, Ex. 8.

Among the regulatory provisions cited by the RTC in its counsel's letter and in its Order of Investigation is a regulation providing that a person who conducting an investigation has the power

> to issue subpoenas and subpoenas duces tecum and to apply for their enforcement *to the United States District Court for the judicial district or the United States court in any territory in which the main office of the bank, institution, or affiliate is located or in which the witness resides or conducts business.*

12 C.F.R. § 308.89 (1991) (currently codified at 12 C.F.R. § 308.146 (1992)) (emphasis added).

Under this regulatory provision, venue would be proper in the District of Columbia only if the main office of the institution were located here, or if a witness resides or conducts business here. 12 C.F.R. § 308.89 (1991). Under the relevant statute, 12 U.S.C. § 1818(n), however, the District of Columbia is a permissible venue for RTC subpoena enforcement petitions regardless of whether or not there is a factual nexus with this forum.

In this case, the subpoenas were issued by RTC attorneys based in Texas, and served on a Houston, Texas law firm and a Texas lawyer and resident. The RTC seeks documents located in Texas. The subpoenas arise out of an RTC investigation being conducted in Texas. The investigation concerns acts allegedly committed in Texas by respondents while they provided legal services for the RTC as conservator for a savings and loan association, BancPlus Federal Savings Association, located in Texas. Respondents argue that because there is little factual nexus to the District of Columbia in this case, the RTC is prevented by its own regulations from seeking enforcement in this forum. 12 C.F.R. § 308.89 (1991). The RTC contends that the FDIC's regulations do not bind the RTC, because under 12 U.S.C. § 1441a(a)(7), the RTC may, but is not required, to use the FDIC's regulations.

The Court agrees that the RTC is not bound to use the FDIC's regulations. In this case, however, the RTC has already used the FDIC's regulations. The RTC relied upon and cited the relevant FDIC regulations in both its Order of Investigation and in a letter to respondents' counsel. RTC Petition for Summary Enforcement, Ex. 1, 8. The RTC did not attempt to exclude the regulation governing venue for subpoena enforcement proceedings from its incorporation of the regulations.[1] Having adopted the regulation, the RTC is now bound to follow it. *See, e.g., United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *Esch v. Yeutter,* 876 F.2d 976, 991 & n. 163 (D.C.Cir.1989) (procedural error for agency to violate own regulations); *Reuters Ltd. v. FCC,* 781 F.2d 946, 947, 950 (D.C.Cir.1986) (agency must abide by its rules and regulations). Regulations would have no meaning whatsoever if the RTC were free, after adopting and citing certain regulations in the course of an investigation, to simply

---

1. The RTC suggests that because the RTC's Order of Investigation does not explicitly state that the regulations cited govern choice of venue for subpoena enforcement proceedings, the choice of venue regulation does not apply. This argument is not persuasive. The Order of Investigation specifies that the RTC's investigation will *"be conducted* pursuant to 12 C.F.R. Part 308 Subpart K." RTC Petition for Summary Enforcement, Ex. 1 (emphasis added). The subpoenas at issue herein and the attendant action to enforce them are an integral part of the RTC's investigation, and relate to an important mechanism for conducting the investigation, the subpoena power. Therefore, the regulation regarding the appropriate venue for subpoena enforcement is clearly invoked under the Order of Investigation.

disregard those regulations after the fact and without notice to adverse parties. Such a notion offends the concepts of fairness and due process.

Therefore, the Court shall hold the RTC to the regulations that it has invoked, and shall transfer this action to the United States District Court for the Southern District of Texas.[2] The Southern District of Texas is the district where the relevant institution, BancPlus Federal Savings Association, is located, where respondents are located, and where the documents at issue are located.[3]

Accordingly, for the reasons stated herein, it is, by the Court, this 21 day of July, 1992,

ORDERED that the Respondents' Motion for Change of Venue shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Resolution Trust Corporation's Petition for Summary Enforcement of Administrative Subpoena *Duces Tecum* and Subpoena for Testimony shall be, and hereby is, TRANSFERRED to the United States District Court for the Southern District of Texas.

### *ORDER*

Before the Court is the RTC's Notice of Withdrawal of Administrative Subpoena and of Petition for Enforcement in the above-captioned case, which was approved by the Court on this date. Since the petition for enforcement has been completely withdrawn, this case is moot. Since the case is moot, it must be dismissed, and this Court's Order of July 21, 1992 transferring this case shall be vacated to the extent that it provides for transfer rather than dismissal of this case.

Accordingly, it is, by the Court, this 24 day of July, 1992,

ORDERED that because this case is moot, the Court's Order of July 21, 1992 shall be, and hereby is, VACATED to the extent that it ordered that this case be transferred to the United States District Court for the Southern District of Texas; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED as moot from the dockets of this Court.

---

2. Respondents make other arguments in support of their motion to transfer, including the possibility of questions of state law arising. *See generally,* Respondents' Motion for Change of Venue. Because the Court finds the issue of the binding effect of the regulations dispositive, it need not reach the other arguments and does not decide them here.

3. While the respondents ask that this case be dismissed for the RTC's failure to abide by its regulations, the Court does not believe that it would be in the interests of justice to take such a harsh measure in this case.